**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| **Capitol Supply, Inc.,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES,** <br> **Defendant.** | ) | **No. 08-221** <br> **(Judge Baskir)** |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff Capitol Supply, Inc. ("Capitol") hereby respectfully requests this Court to enter an order supplementing the Administrative Record ("AR") in this proceeding by adding the Declaration of Robert J. Steinman dated April 25, 2008. This document has been submitted as the Appendix to Plaintiff's Motion for Judgment on the Record. A copy of the Declaration is attached to this motion.

The Administrative Record does not contain any material which provides an understanding of how part numbers are used and created by manufacturers and distributors of office supplies, an issue

key to this case. The Declaration also supplements the extremely limited explanation of the Contracting Officer's concerns with the manufacturer part numbers in Plaintiff's quote by providing insight in to the manner in which Plaintiff dealt with those part numbers in preparing the quote.

Plaintiff recognizes that the Court will review the issues raised by Plaintiff through "the prism of the administrative record" under the procedures established by RCFC 52.1 for motions for judgment on the administrative record. *Advanced Systems Development, Inc. v. United States*, 72 Fed. Cl. 25 (2006). As the Court observed, however, "the parties should be permitted, in appropriate cases, to supplement the administrative record, since 'in most bid protests, the "administrative record" is something of a fiction, and certainly cannot be viewed as rigidly as if the agency had made an adjudicative decision on a formal record that is then certified for court review.'" *Id.* at 33, citing *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 350 (1997). As described by the Court:

> The Court may allow supplementation of the Administrative Record, at its discretion, in limited circumstances. *See Impresa*, 238 F.3d at 1338 (finding supplementation permissible where "required for meaningful judicial review"); *see also Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997)

> (adopting list of limited circumstances where supplementation may be allowed). In general, the Court will supplement the administrative record when it is necessary for a full and complete understanding of the issues. *Blue & Gold Fleet*, 70 Fed. Cl. at 494; *see also Impresa*, 238 F.3d at 1338-39 (ordering supplementation with contracting officer's deposition testimony to fill gaps concerning factors agency considered in reaching decision); *Rig Masters, Inc. v. United States*, 70 Fed. Cl. 413, 424 (2006) (allowing supplementation to assist the Court in understanding an agency decision); *Stapp Towing, Inc. v. United States*, 34 Fed. Cl. 300, 308 (1995) (allowing supplementation when the agency failed to consider factors relevant to its final decision) . . . .

*Benchmade Knife Company, Inc. v. United States*, 79 Fed. Cl. 731, 736 (2007). It is not uncommon in bid protest cases for the Court to need and allow supplementation of the administrative record because agencies hastily and retroactively create the administrative record that is filed with the court for review, thereby delineating "the scope of review [that] may preclude the 'substantial inquiry' and 'thorough, probing, in-depth review' the court must perform to determine whether the agency's action was arbitrary and capricious." *Myers Investigative and Sec. Services, Inc. v. United States*, 47 Fed. Cl. 288, 293 (2000 (allowing supplementation with declarations and other documents), citing *Mike Hooks, Inc. v. United States*, 39 Fed. Cl. 147, 156 (1997); *see also Eracent, Inc. v. United States*, 79 Fed. Cl. 427,

428 (2007) (allowing supplementation with affidavit, declarations and other documents); *Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705, 706 (2006) (allowing supplementation with affidavits and declarations attached to briefs).

The documents that Plaintiff seeks to add to the Administrative Record are necessary to fill gaps in the record as compiled by Defendant, to provide information about Plaintiff's handling of the manufacturer part numbers for purposes of clearly explaining the use of the "stripped manufacturer numbers," and to provide confirmation of the Contracting Officer's silence with regard to the manufacturer part number issue when requesting other "clarifications" of the quote. Such matters are nowhere addressed in the existing Administrative Record. Accordingly, in order to facilitate the "thorough, probing, in-depth review" by the Court of the issues raised in this case (*i.e.*, whether GSA's refusal to evaluate Capitol's quote and the Contracting Officer's refusal to advise Capitol as to GSA's concerns about the manufacturer part numbers in Capitol's quote were arbitrary and capricious, an abuse of discretion, and contrary to applicable law), Plaintiff respectfully submits that supplementation of the

Administrative Record with the document noted above is not only warranted, but is also necessary.

Based on the above, Plaintiff respectfully requests that the Court grant this motion to supplement the Administrative Record.

Respectfully submitted,

s/ Holly A. Roth

Holly A. Roth
McDermott Will & Emery LLP
600 Thirteenth St., N.W.
Washington, D.C. 20005-3096
Tel.: (202) 758-8000
Fax: (202) 756-8087

*Attorney for Plaintiff Capitol Supply, Inc.*

Of Counsel:

Jon W. van Horne
Law Office of Jon van Horne, Esq.
1629 K ST. N. W.
Suite 300
Washington D.C., 20036
Tel.: (202) 478-2921
Fax: (202) 478-2921

Date: April 28, 2008

## CERTIFICATE OF FILING

I hereby certify that on the 28th day of April, 2008, a copy of (1) Plaintiff's Motion to Supplement the Administrative Record; and (2) an Appendix attaching the Declaration of Robert J. Steinman were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Holly A. Roth