**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| **Capitol Supply, Inc.,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES,** <br> **Defendant.** | **No. 08-221** <br> **(Judge Baskir)** |

DECLARATION OF ROBERT J. STEINMAN

I, ROBERT J. STEINMAN, make the following Declaration pursuant to 28 U. S. Code §1746:

1. I am presently the Chief Executive Officer of Capitol Supply, Inc. ("Capitol").

2. As a small independent dealer, Capitol purchases products from a number of sources including directly from manufacturers and distributors. SP Richards is one of the distributors with whom Capitol does business.

3. I participated in preparation of and I am familiar with the Capitol quotation in response to the GSA Federal Strategic Sourcing Initiative ("FSSI") Request for Quotation #189760 (the "RFQ").

4. In a distributor's catalog, inventory parts must be unique. There has to be a distinction between different manufacturers who happen to have the same part number, as well as between the same part in different package sizes. SP Richards and other distributors add alphanumeric codes to the manufacture's part number to uniquely identify that manufacturer, part, and inventory unit. Several distributors have gone one step further and use completely unique distributor part numbers, that are not at all similar to the manufacturer's name nor the part number, to identify a specific manufacturer, part, and inventory unit. At the time quotations were being prepared in response to the RFQ, distributor part numbers were not uniform. Different distributors had different ways to indicate the same manufacturer, the same part, or the same inventory unit.

5. In preparing our bid I initially interpreted the instructions in the RFQ Quote Sheet to require use of the stripped manufacturer part number, as the RFQ instructions state. When this resulted in none of the columns being populated with the SPR catalog information, I realized that the RFQ instructions were wrong, and the Quote Sheet was not asking for the manufacturer's part number, but rather the SPR distributor's catalog number, the internal number SPR uses to indicate BOTH the manufacturer and the part number in the package size that SPR carries.

6. Because SP Richards was one of our suppliers, I had their distributor's catalog numbers in a database with the manufacturer's numbers and I was able to substitute the SP Richards distributor's catalog numbers for the manufacturer's part numbers where there

was a matching manufacturer, manufacturer part number, and unit of sale.

7. Using this methodology, of the 55,976 line items included in the Capitol quotation, 15,969 were matched to SP Richards catalog numbers and the "look up" fields in the RFQ Quote Sheet spreadsheet were populated for those items. Capitol may or may not purchase these items from SP Richards.

8. I understand that the SP Richards catalog included with the RFQ Quote Sheet had 28,722 items. Of the total of 55,976 line items in the Capitol quote, approximately half ( 55,976 – 28,722 = 27,254) could not have been matched to the SPR catalog in any event as there was only one possible match per SPR item. The RFQ did not require that all of the SPR items be carried, and not all of the SPR products are available under GSA contract. So the maximum possible number of matchs was less than 28,722 under any circumstance. Products did not match because of differences in make, model number, units, or quantity.

9. When Capitol was requested to reformat its quotation on May 14, 2007, Capitol was not advised that there was any issue or concern with respect to its quotation other than the formatting of its quotation onto four copies of the RFQ Quote Sheet spreadsheet. No information was provided that suggested GSA had a problem with the part numbers in the Capitol quotation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2008.

ROBERT J. STEINMAN