**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | | |
|---|---|---|
| CAPITOL SUPPLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-221C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to Rule 7 and Appendix C of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court deny Capitol Supply Inc.'s ("Capitol Supply") motion to supplement the administrative record with the Declaration of Robert J. Steinman (dated April 25, 2008). As set forth in detail below, this declaration is not part of the administrative record which, pursuant to 28 U.S.C. § 1491(b)(4), defines the scope of judicial review in this action; and the information contained in the declaration, even if reliable, is generally irrelevant to the Court's determination in this protest. Additionally, we respectfully request that the Court strike those portions of plaintiff's motion for judgment upon the administrative record that rely upon the statements made in the declaration.

## DISCUSSION

### I. The Declaration Is Not Properly Part Of The Administrative Record

It is well-established that a Court's review of a bid protest is based upon an examination of the materials that were developed and considered by the agency in making its decision. Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997); Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005). In 2006, this Court amended the rules governing bid protests in order to reflect the reasoning of Bannum. RCFC 52.1, Rules Committee Note (June 20, 2006). Rule 52.1 provides, in relevant part:

> In all cases in which action by, and a record of proceedings before, an agency is relevant to a decision, the administrative record of such proceedings shall be certified by the agency or agencies and filed with the court.

RCFC 52.1 (emphasis supplied). Therefore, in the context of a bid protest, the Court generally confines the administrative record to that developed by the agency prior to its decision. Rust Constructors Inc. v. United States, 49 Fed. Cl. 490, 496 (2001); Murakami v. United States, 46 Fed. Cl. 731, 734 (2000).

Indeed, section 1491(b)(4) requires the Court to "review the agency's decision pursuant to the standards set forth in section 706 of Title 5," the

Administrative Procedure Act ("APA"), which limits the Court to a consideration of whether the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S. C. §§ 702, 706(2)(A). In reviewing agency action pursuant to this deferential standard, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)) (emphasis added). Limiting judicial review of agency action to the administrative record reflects the APA standard of review, which presumes the validity of agency action and precludes the judiciary from substituting its judgment for that of the agencies entrusted by Congress to implement and administer various Governmental programs. See, e.g., Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 557-58 (1978). "'To permit an administrative determination to be attacked or supported in court by new evidence,' the Supreme Court admonished, 'would substitute the court [for] the administrative tribunal . . . .'" Doraiswamy v. Secretary of Labor, 555 F.2d 832, 840 (D.C. Cir. 1976) (citation omitted).

In this case, the agency action at issue concerns the decision of the United States General Services Administration ("GSA" or the "agency") to

deny further consideration of Capitol Supply's quote in connection with Request for Quote ("RFQ") No. 189760 for multiple Blanket Purchase Agreements ("BPA") for office supplies, because Capitol Supply failed to follow the RFQ's instructions in preparing its price quote. The declaration of Mr. Steinman, however, was not submitted to the agency prior to GSA's decision to preclude further consideration of Capitol Supply's BPA quote and is not connected in any way with the agency's decision. As a result, the declaration is not properly part of the administrative record and should not be made a part of the record. Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 154 (1997) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.") (quoting Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983)) (emphasis added).

Capitol Supply, however, argues that "[i]t is not uncommon in bid protest cases for the Court to need and allow supplementation of the administrative record." Pl. Mot. Supp. at 3. This is incorrect. Indeed, as this Court noted in one of the cases cited by Capitol Supply in support of its motion to supplement, "[g]enerally, the formal administrative record in a procurement is sufficient in a bid protest." Eracent v. United States, 79 Fed. Cl. 427, 428 n.2 (2007) (cited at Pl. Mot. Supp. at 3-4). Contrary to

Capitol Supply's dismissal of the record as a fiction, the Court expressly requires that the record be "certified by the agency or agencies," and contain the "relevant core documents" that the Court has indicated constitute the proper administrative record. RCFC 52.1, App. C ¶ 22. Accordingly, the record is more akin to a pre-defined compilation of historical documents than a simple fiction.

This does not mean that supplementation is never allowed. To the contrary, Capitol Supply is correct insofar as it states that the Court has allowed supplementation of the administrative record when "gaps" in the record preclude the Court from determining whether the agency followed a rational process. E.g., Input/Output Tech., Inc. v. United States, 44 Fed. Cl. 65, 69 n.4 (1999). The declaration submitted by Capitol Supply, however, does not fill any actual relevant gaps in the record. Instead, the declaration predominantly focuses upon issues either addressed in the record or otherwise irrelevant to this matter. Mr. Steinman discusses the RFQ and Capitol Supply's quote. Both of these documents are in the record, and they are the best evidence of their contents. AR 278-330, 456-470, Q18347-21948. Mr. Steinman discusses how S.P. Richards ("SPR") catalog uses manufacturers' part numbers. The SPR catalog is in the record, as is the RFQ's description of how a supplier is to use such part

numbers in connection with the RFQ. AR 465, 468, 1346-1824.
Mr. Steinman discusses Capitol Supply's failed attempt to clarify its quote. The clarification, and evidence of the request for clarification, are in the record. AR 3099-101, 3139, 4000-01, Q28365-30115.

Moreover, to the extent that the declaration purports to contain information regarding events occurring prior to the GSA decision, it nonetheless is not properly part of the administrative record because such evidence was not proffered to the agency during the quotation process and thus could not be considered by the agency in making its decision. It is settled that the Court is limited to the evidence that was before the agency at the time the decision was made. See Lions Raisins, Inc. v. United States, 51 Fed. Cl. 238, 246-47 (2001); Tech Systems, Inc. v. United States, 50 Fed. Cl. 216, 222 (2001) (explaining basis for summary judgment on the administrative record); see also Nevada Land Action Assoc. v. United States Forest Serv., 8 F.3d 713, 718 (9th Cir. 1993).

Finally, in the event that the Court determines that there are gaps in the record which preclude judicial review, the proper course is to supplement the record with affidavits from agency personnel explaining their decision. See Camp v. Pitts, 411 U.S. 138, 142-43 (1973) ("If . . . there was such failure to explain administrative action as to frustrate

effective judicial review, the remedy was . . . to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary.") (emphasis added). The declaration attached to Capitol Supply's motion does not and cannot explain the agency's decision-making process. Indeed, the declarant merely describes his own personal action and asserts his own personal conclusions. Accordingly, supplementation of the record with the declaration would be inappropriate, even if there were gaps in the record.

## II. The Information Contained In The Declaration Is Irrelevant

The administrative record consists of those documents that are "relevant" to the agency's decision. RCFC 52.1. However, the information contained in Mr. Steinman's declaration is irrelevant to the Court's inquiry regarding whether the Government acted arbitrarily and capriciously in denying further consideration of Capitol Supply's quote for its failure to follow the instructions contained in the RFQ.

Much of the declaration purports to explain why Capitol Supply prepared a noncompliant quote.[1] This, however, is not relevant to the

[1] Indeed, the declaration admits that Capitol Supply used its own copy of the SPR catalog, rather than the one supplied with the RFQ, potentially compounding the problems with Capitol Supply's quote. It is unclear why Capitol Supply would do so, as the SPR catalog was part of the revised quote sheet. See Q18351-854.

issue of whether the Government acted arbitrarily and capriciously in denying further consideration of Capitol Supply's quote for its failure to follow the instructions contained in the RFQ. The question before this Court is not whether Capitol Supply acted in an arbitrary and capricious manner in preparing its quote. Rather, the issue is whether the agency acted in a arbitrary and capricious manner in eliminating the quote from consideration.

Nor is it relevant how Capitol Supply treats manufacturers' numbers in practice. What is relevant is how the RFQ required such numbers to be treated by the vendors in their price quotes. As demonstrated in our motion for judgment upon the administrative record, Capitol Supply did not comply with the RFQ's instructions. If Capitol Supply disagreed with the RFQ's requirements and the use of SPR catalog numbers to provide a consistent basis of comparison, Capitol Supply was required to raise this challenge prior to the closing date for receipt of quotations. Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308 (Fed. Cir. 2007); see also Erinys Iraq Ltd. v. United States, 78 Fed. Cl. 518, 533 n. 7 (2007).

In summary, the declaration provides no evidence relevant to the Court's determination of this protest. Accordingly, it should not properly be made a part of the administrative record.

## CONCLUSION

Accordingly, we respectfully request that the Court deny Capitol Supply's motion to supplement the administrative record and ignore those portions of Capitol Supply's brief relying upon statements made in the declaration.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

May 15, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Department of Justice